﻿Citation Nr: AXXXXXXXX
Decision Date: 06/16/20 Archive Date: 06/16/20

DOCKET NO. 190923-32414
DATE: June 16, 2020

ORDER

Entitlement to a compensable evaluation for hematuria is denied.

FINDING OF FACT

Hematuria is not productive of albumin in the urine with hyaline and granular casts or red blood cells, or edema, or hypertension that is at least 10 percent disabling

CONCLUSION OF LAW

The criteria to establish a compensable evaluation for hematuria are not met. 38 U.S.C. §§ 1155, 5107 (2012); 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.115b, Diagnostic Code 7502 (2019).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active service from March 1996 to August 1996, and from October 2003 to April 2004. 

This matter comes before the Board from a February 2014 rating decision, which responded to the Veteran’s October 2013 claim. 

In April 2018, the Board granted service connection for hematuria. In May 2019, the agency of original jurisdiction (AOJ) carried out the Board’s grant of service connection and assigned a noncompensable evaluation. In September 2019, the Veteran opted to appeal the evaluation of his hematuria directly to the Board. The Board will therefore render its decision based on a review of the evidence before the AOJ at the time of the May 2019 rating decision.

Entitlement to a compensable evaluation for hematuria 

Disability evaluations are determined by the application of a schedule of ratings based on average impairment in earning capacity. 38 U.S.C. § 1155 (2012). Percentage evaluations are determined by comparing the manifestations of a particular disorder with the requirements contained in the VA’s Schedule for Rating Disabilities (Rating Schedule), 38 C.F.R. Part 4 (2019). The percentage ratings contained in the Rating Schedule represent, as far as can practically be determined, the average impairment in earning capacity resulting from such disease or injury and their residual conditions in civilian occupations. 38 U.S.C. § 1155; 38 C.F.R. § 4.1 (2019). VA has a duty to acknowledge and consider all regulations which are potentially applicable through the assertions and issues raised in the record, and to explain the reasons and bases for its conclusion. 

In cases where the original rating assigned is appealed, consideration must be given to whether a higher rating is warranted at any point during the appeal period. Fenderson v. West, 12 Vet. App. 119 (1999).

If there is a question as to which evaluation to apply to the Veteran’s disability, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7.

The Veteran is currently in receipt of a noncompensable evaluation for hematuria, pursuant to 38 C.F.R. § 4.115b, Diagnostic Code 7502 as analogous to chronic nephritis. Under this criteria, the rater is instructed to evaluate the disability as renal dysfunction. Id. A noncompensable evaluation is warranted for renal dysfunction with albumin and casts with a history of acute nephritis; or, when hypertension is noncompensable under Diagnostic Code 7101. A 30 percent evaluation is warranted with albumin constant or recurring with hyaline and granular casts or red blood cells; or, transient or slight edema or hypertension at least 10 percent disabling under Diagnostic Code 7101. 38 C.F.R. § 4.115a.

Diagnostic Code 7101 provides a 10 percent evaluation where diastolic pressure is predominantly 100 or more, or systolic pressure is predominantly 160 or more, or where for an individual who has a history of diastolic pressure of predominantly 100 or more who requires continuous medication for control. 

Having carefully reviewed the record, the Board concludes that the criteria for a compensable evaluation for hematuria are not met. 

On VA examination in February 2014, the diagnosis was hematuria of unknown etiology. The examiner indicated that there was no history of voiding dysfunction, urolithiasis, bladder or urethral infection, fistula, stricture, neurogenic bladder, or bladder injury. He indicated that urine analysis showed no hyaline casts. A February 2014 laboratory report confirms that there were no hyaline casts, and also indicates that there were no crystals or bacteria. Occult blood was negative. 

VA treatment records regarding the appellate period do not reflect blood pressure readings with diastolic pressure predominantly 100 or more, or systolic pressure predominantly 160 or more. A September 2014 blood pressure reading was 148/88. In October 2014, the Veteran reported that he was not taking medications due to dental pain. Blood pressure readings at that time were 165/105 and 143/100. In January 2015, the Veteran’s blood pressure was 122/90. In June 2016, it was 132/78. A record of cumulative vital signs for the period from March to May 2018 shows diastolic pressures no higher than 98 and systolic pressures no higher than 131. 

A 30 percent evaluation for chronic nephritis requires evidence demonstrating albumin constant or recurring with hyaline and granular casts or red blood cells; or, transient or slight edema; or hypertension that is at least 10 percent disabling under Diagnostic Code 7101. Such is not shown by the evidence pertaining to the period on appeal. Urinalysis in January 2014 revealed no occult blood, hyaline casts, crystals, or bacteria. Moreover, while blood pressure readings in October 2014 were 165/105 and 143/100, other blood pressure readings during the appeal period reflect systolic readings no higher than 148, and diastolic readings no higher than 98. Thus, it cannot be stated that diastolic pressures were predominantly 100 or more, or that systolic pressures were predominantly 160 or more. The Board therefore concludes that the criteria for a compensable evaluation for hematuria are not met, and that the appeal must be denied.

 

 

MICHAEL LANE

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Barone, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.